# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:17-CV-187-TBR

RODNEY SMITH,                                                                          Plaintiff

v.

RANDY WHITE, *et al.*,                                                                 Defendant

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendant Charles Aaron Davis's Motion for Summary Judgment. (R. 68). Fully briefed, this matter is ripe for adjudication. For the reasons that follow, the Defendants' Motion to for Summary Judgment, (R. 68), is HEREBY GRANTED.

BACKGROUND

*Pro se* Plaintiff and inmate, Rodney Smith, alleges that on April 18, 2017, prison officials at Kentucky State Penitentiary (KSP) subjected him to an unlawful cavity search after an iPod allegedly went missing from his cell. (R. 1). On April 25,[1] 2017, Smith was taken to see Nurse Charles Aaron Davis in response to rectal pain allegedly resulting therefrom. (*Id.*). Smith claims that Nurse Davis "immediately began to question him" about who had conducted the cavity search. According to Smith, Nurse Davis was "more concerned of the incident and/or activity than [Smith's] well-being and safety." (*Id.*). Finally, Smith alleges that Nurse Davis prematurely terminated Smith's medical visit "out of machination and to protect the integrity or lack thereof Respondent Rodriguez [the KSP official who allegedly performed the damaging cavity search]." (*Id.*).

---

[1] This date is disputed. While Smith alleges that he saw Nurse Davis on the April 25, 2017, his prison medical records indicate that he saw Nurse Smith on the April 24, 2017. (R. 68, Ex. 1). As will become apparent herein, whether Smith saw Nurse Davis on the 25th or the 24th is irrelevant.

1

On May 12, 2017, Smith filed Grievance No. 17-05-113-G against Nurse Davis for Nurse Davis's alleged refusal to treat Smith after the illegal cavity search. (R. 68, Ex. 3). Pursuant to Kentucky Corrections Policies and procedures (CPP) § 14.6(J)(1)(a)(2), Grievance No. 17-05-113-G was rejected as untimely because it was filed more than five days after Nurse Davis allegedly denied Smith treatment. (*See Id.*).

On September 11, 2017, Smith sued, among other defendants, Nurse Davis in Franklin County Circuit Court. (R. 1). Smith alleged that Nurse Davis's failure to treat Smith after the cavity search violated his Eight Amendment rights. (R. 1). On October 9, 2017, the Defendants removed the case to this Court. On March 14, 2018, this Court conducted its initial screening pursuant to 28 U.S.C. § 1915 A, and allowed Smith's Eighth Amendment claim against Davis to proceed. Nurse Davis now moves for Summary Judgment. (R. 68).

STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

DISCUSSION

Nurse Davis argues that he is entitled to summary judgment for two reasons: First, Smith failed to exhaust his administrative remedies pursuant to the PLRA, and KSP Policy, and second, Smith failed to plead sufficient factual allegations to establish an Eighth Amendment claim against Nurse Davis. The Court will address each argument in turn.

A. Smith's Failure to Exhaust Administrative Remedies

Nurse Davis argues that Smith failed to exhaust his administrative remedies because Grievance No. 17-05-113-G, the only grievance produced by either Party concerning Nurse Davis, was rejected by grievance coordinator Danial Smith as untimely. (*See* R. 68, Ex. 3). Defendant Smith does not dispute that Grievance No. 17-05-113-G is the only grievance that he filed against Nurse Davis. Nor in the 210 pages that Smith attached to his Response did he include any grievance concerning Nurse Davis, other than Grievance No. 17-05-113-G. (*See* R. 73, Ex. 1-7). Smith also does not dispute that Grievance No. 17-05-113-G was rejected pursuant CPP § 14.6(J)(1)(a)(2) as untimely.

Instead, Smith responds that "several of [his] grievances weren't allowed the privilege of complete exhaustion due to machination, manipulation, and/or thwart," and that "Danial Smith rejected several submitted grievance[s] with no just cause." Thus, the only issue before the Court is whether Smith's failure to exhaust should be excused because grievance coordinator Danial Smith thwarted Smith's attempts to exercise his administrative remedies.

To resolve this issue, the Court's analyses must start with the Prison Litigation Reform Act's (PLRA) exhaustion requirement. The PLRA requires that a prisoner must exhaust all available administrative remedies before he or she may bring a federal action related to prison conditions. 42 U.S.C. § 1997e(a) (2013). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); *accord Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). To properly exhaust administrative remedies, the prisoner must comply with the deadlines and procedures of the specific prison involved—here, CCP § 14.6. *See Woodford* 548 U.S. at 90; *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *accord Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).

However, In *Ross v. Blake*, the United States Supreme Court described a textual exception to mandatory exhaustion that hinges on the "availab[ility]" of administrative remedies. *See Ross*, 136 S.Ct. at 1858 (citing § 1997e(a)). The Supreme Court described three circumstances where an administrative remedy is not "capable of use to obtain relief":

> First . . . an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . . And finally, the same is true when prison administrators thwart

4

inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Id.* at 1859-60 (citations omitted).

Here, as discussed above, Smith claims that he is excused from exhaustion as required by the PLRA and CCP § 14.6 because grievance coordinator Danial Smith thwarted his attempts to utilize the KSP grievance system. Based on *Ross*, if this is the case, Smith's failure to exhaust would indeed be excused.

However, Smith has failed to provide the Court even a scintilla of evidence to suggest that this is the case. Smith points to no specific evidence in the Record, including the seven exhibits attached to his response, which would suggest that grievance coordinator Danial Smith thwarted his attempts to utilize the KSP grievance process as required by CCP § 14.6. Instead, Defendant Smith relies only on his own conclusory statements and bare allegations that "Danial Smith rejected several submitted grievance[s] with no just cause." (R. 73). Such generalized statements and bald assertions are insufficient to create a genuine dispute of material fact as to whether the administrative process was available. *Belser v. James*, No. 16-2578, 2017 U.S. App. LEXIS 23218, 2017 WL 5479595, at *2 (6th Cir. June 6, 2017) (citing in part *Arbuckle v. Bouchard*, 92 F. App'x 289, 291 (6th Cir. 2004)).

Indeed, although not obligated to, the Court on its own accord went through the entire Record, including the 210 pages of exhibits attached to Smith's Response, and found nothing that would suggest grievance coordinator Danial Smith thwarted Defendant Smith in any way. *Wardle v. Lexington–Fayette Urban County Gov't*, 45 Fed.Appx. 505, 509 (6th Cir.2002) ("[A] district court is not required to search the record to determine whether genuine issues of material fact exist when the non-moving party has failed to point them out."). Instead, upon searching the Record, the Court found the only grievance concerning Nurse Davis's alleged refusal to treat,

5

Grievance No. 17-05-113-G, to be properly rejected by grievance coordinator Smith pursuant to CPP § 14.6(J)(1)(a)(2). CPP § 14.6(J)(1)(a)(2) states that " [a] grievance about a personal and specific incident shall be filed within five (5) business days after the incident occurred." Smith saw Nurse Davis on either the 24th or 25th of April. He filed Grievance No. 17-05-113-G on May 12th—well after the five-day period prescribed by CCP § 14.6(J)(1)(a)(2).

Thus, the Court need not proceed further. Smith has failed to exhaust his administrative remedies against Nurse Davis. Smith's self-serving conclusory statements regarding machination—without even a shred of evidence to support them—are not enough to create a material factual dispute so as to defeat Nurse Davis's properly supported Motion for Summary Judgment. Nurse Davis's Motion for Summary Judgement based on Smith's failure to exhaust his administrative remedies is granted.

CONCLUSION

For the forgoing reasons, and the Court being otherwise sufficiently advised, Defendant Charles Aaron Davis's Motion for Summary Judgment, (R. 68), is HEREBY GRANTED. All claims against Defendant Charles Aaron Davis are dismissed with prejudice.

The Clerk of Court is DIRECTED to terminate Defendant Charles Aaron Davis as a party to this action.

**IT IS SO ORDERED.**

cc: Rodney Smith
190062
KENTUCKY STATE PENITENTIARY
266 Water Street
Eddyville, KY 42038
PRO SE