UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-cv-00187-TBR

RODNEY SMITH                                                               PLAINTIFF

v.

RANDY WHITE, et al.                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, James Beeler, Troy Belt, Wesley Burnett, Lauren Epley, Brittany Fraliex, Monica McCullough, Benjamin Mitchell, Seth T. Mitchell, Brian Neely, Marshall E. Peek, Charles Roberts, Gage Rodriguez, and Randy White, collectively, ("Defendants") filed a Second Motion for an Extension of Time, up to and including July 5, 2019 to file their dispositive motion. [DN 78.] Defendants subsequently filed a Third Motion for an Extension of Time, up to and including July 17, 2019. [DN 81.] Since filing for that extension, Defendants have filed their Motion for Summary Judgment and for Leave to Exceed Page Limits [DN 82]. Plaintiff Rodney Smith ("Smith") has responded. [DN 83.] As such, this matter is ripe for adjudication. For the reasons that follow, Defendants' Second Motion for an Extension of Time is **MOOT**; Defendants' Third Motion for an Extension of Time is **GRANTED**; and Defendants' Motion for Summary Judgment and for Leave to Exceed Page Limits is **GRANTED.**

**I.   BACKGROUND**

Smith filed this action in the Franklin Circuit Court on September 11, 2017. [DN 1-1.] Defendants removed this case to the Eastern District Court of Kentucky. [DN 1.] Defendants then moved for, and were granted, a change of venue to this Court. [DN 7.] Smith initially filed several claims. However, this Court has only allowed three claims to proceed. Smith alleges a violation of

the Fourth Amendment for unreasonable searches against Lt. Rodriguez and Officer Neely in their individual capacities. He asserts First Amendment retaliation claims against Belt, Beeler, Burnett, Epley, Fraliex, McCullough, Ben Mitchell, Seth Mitchell, Peek, Roberts, and Warden White in their individual capacities. Finally, Smith alleges Defendants Rodriguez and Neely violated his First Amendment right to exercise his religion.

Defendants argue summary judgment is appropriate on all asserted claims.

## II.  LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the

absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1177 (6th Cir. 1996).

"The fact that a plaintiff is pro se does not lessen his obligations under Rule 56. The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage. *Boldry v. Gibson,* 2019 U.S. Dist. LEXIS 54368 *8 (W.D. Ky. March 28, 2019) (quoting *Johnson v. Stewart,* 2010 U.S. App. LEXIS 27051, *7 (6th Cir. May 5, 2010).

### III. DISCUSSION

"A verified complaint carries the same weight as would an affidavit for the purposes of summary judgment." *El Bey v. Roop,* 530 F. 3d 407, 414 (6th Cir. 2008). A complaint only carries the same weight if it is "subscribed by [the declarant], as true under penalty of perjury that the forgoing is true and correct." *Perry v. Agric. Dep't,* 2016 U.S. Dist. LEXIS 25375 *66 (E.D. Ky. Feb. 29, 2016) (quoting 28 U.S.C. § 1746). Here, Smith has not signed his complaint under penalty of perjury. Therefore, it is not a verified complaint and does not carry the same weight as an affidavit for summary judgment purposes. It has also been noted that "a motion for summary judgment may not be defeated by factual assertions in the brief of the party opposing it, since documents of this nature are self-serving and are not probative evidence of the existence or nonexistence of any factual issues." *Banks v. Rockwell Int'l N. Am. Aircraft Operations,* 855 F.2d 324, 325 n. 1 (6th Cir. 1988).

## I. Fourth Amendment Claim

Smith has alleged that Lt. Rodriguez and Officer Neely first wedged his pants and underwear between his buttocks "in an attempt to cause what Petitioner believes the alleged missing iPod to become dislodged". [DN 1-1 at PageID 8.] Smith also alleges Lt. Rodriguez subsequently used his hand to search Smith's anal cavity. [*Id.*] Defendants allege that Smith was never subjected to either search. The Court finds that no genuine dispute of a material fact exists.

Defendants rely on the affidavit statements made by Officer Neely and Lt. Rodriguez, Lt. Seth Mitchell's review of the security camera footage, and Smith's certification that he viewed the footage to support their motion. Smith, in his response, states the video is incomplete and should be shown in its entirety to a jury. [DN 83-1 at PageID 1005.] Smith further states that a complete viewing of the footage would show him "being [brutally] forced into a room with my pants down and the door closed behind me". [*Id.*] This is not probative evidence that Smith was subjected to an improper search. Smith's speculation as to what the full video may show is not enough to survive summary judgment. Smith has not submitted affidavits or records that support his position. Based on the probative evidence in the record at this point, there is no dispute that the security footage does not reflect Defendants searching Smith either by hand or by wedging his pants and underwear. Since there is no probative evidence disputing this fact, the Court finds that a reasonable jury could not find that a violation of the Fourth Amendment occurred. Therefore, summary judgment is appropriate on this claim.

## II. First Amendment Free Exercise Claim

Smith alleges the act of wedging his pants and underwear "also violated a tenet of Petitioners religious beliefs as a professed Muslim." [DN 1-1 at PageID 9.] As stated above, Defendants deny doing so and Seth Mitchell's review of security footage supports Defendants'

4

claim. Further, Defendants allege Smith pulled his own pants and underwear down. In his response, Smith only states that it "defies common sense" that Smith could have pulled his pants and underwear down while handcuffed. [DN 83-1 at PageID 1006.] Again, Smith has not provided any probative evidence in the record to substantiate his claim. Therefore, summary judgment is appropriate on this claim.

### III. First Amendment Retaliation Claims

In order for a plaintiff to succeed on a first amendment retaliation claim, a plaintiff must prove: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two". *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999).

"An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir. 2000). However, it is only protected "if the grievances are not frivolous" *Id.* "A [grievance] is frivolous if it lacks an arguable basis either in law or fact." *Dellis v. Corrections Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

#### A. DR# KSP-2017-00920

Smith argues he was issued this disciplinary report by Seth Mitchell, found guilty by the Adjustment Committee, and affirmed of guilt by Defendant White in retaliation for filing PREA claims and grievances. Defendants argue that Smith was issued this disciplinary report because Seth Mitchell witnessed Smith "exit shower on 2 Left…while wearing pants and run up the stairs on to 11 left walk. While on 11 Left walk Inmate Smith attempt[ed] to pass and/or retrieve an unknown item from an unknown inmate." [DN 82-28 at PageID 990.] Smith was initially charged

5

with smuggling contraband items into/out of/within the institution. [*Id.* at PageId 991.] Gage Rodriguez subsequently reviewed the footage of the incident and concurred with Seth Mitchell's findings. [*Id.*] The footage was again viewed by the Adjustment Committee which found Smith guilty of an amended charge of disruptive behavior. [*Id.* at PageID: 992.] Smith was given a penalty of 15 days phone restriction. [*Id.*] Defendant White also confirmed the Committee's findings. [*Id.* at 994.]

Smith submits the same records to support his claim. [*See* DN 1-1 at PageID: 47-51.] However, he does not provide any evidence to conflict the reasons Seth Mitchell, the Adjustment Committee, and Defendant White stated for issuing the report or finding him guilty. Smith's handwritten questions on these documents are not enough to create a genuine dispute of fact. "If a prisoner violates a legitimate prison regulation, he is not engaged in protected conduct, and cannot proceed beyond step one." *Smith v. Campbell.* 250 F. 3d 1032, 1037 (6th Cir. 2001) (quoting Thaddeus-X, 175 F.3d 378, 395 (6th Cir. 1999). There is no evidence to support a finding that Smith was engaged in protected conduct. The evidence supports a finding that Smith had violated a legitimate prison regulation. Even if Smith was engaged in protected conduct, this Court does not find that a phone restriction of 15 days is adverse enough to deter a person of ordinary firmness. Since Smith has not provided evidence to meet all three elements, summary judgment is appropriate.

## B. DR # KSP-2017-00931

Smith alleges again that this report was issued in retaliation of a PREA complaint he filed. Smith filed a PREA complaint against Officer Jeremy Neihoff because he "stopped at the shower and stared at [Smith] for approximately 3-4 minutes." [DN 82-15 at PageID 907.] Seth Mitchell investigated Smith's claim by interviewing Smith, Officer Sellers, and Officer Neihoff and

6

reviewing security footage of this event. [*Id.*] Mitchell's review of the evidence led him to the determination that "the allegation was to be unfounded." [*Id.* at PageID 908.] Mitchell's review of footage showed that Smith walked to the shower and Neihoff was only present for 40 seconds while waiting to be "let off the walk." [*Id.* at 903.]

After concluding his investigation and determining the allegation to be "unfounded", Seth Mitchell issued a disciplinary report to Smith for making a false allegation in bad faith. [DN 1-1 at PageID 52.] Smith was charged with tampering with physical evidence or hindering investigation. [*Id.* at PageID 53.] The Adjustment Committee found Smith guilty and gave a penalty of 30 days in restrictive housing and 30 days of good time lost. [*Id.* at 56.] Defendant White then reviewed and agreed with the Adjustment Committee's finding of guilt. [DN 82-16 at PageID 925.] Smith, again, has not provided any evidence to contradict Seth Mitchell's, the Adjustment Committee's, and Defendant White's finding of fact that his PREA claim was unfounded. He simply states in a handwritten note on the disciplinary report that "it is an attempt to undermine me, because it has nothing to do with PREA." [DN 1-1 at PageID 52.] As previously stated, this is not evidence sufficient to avoid summary judgment. Smith has not provided any evidence that he was engaged in protected conduct. All probative evidence in the record, including the reports Smith submitted, point to Smith filing a frivolous grievance and subsequently being punished for doing so in accordance with Kentucky Department of Corrections Policies and Procedures 14.7(II)(L). An inmate who files a frivolous grievance or complaint is subject to discipline under proper prison policy. Prisoners who file grievances may not "exercise that right in a manner that violates legitimate prison regulations or penological objectives." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). It is a violation of legitimate prison policy to file false allegations. *See* CPP 14.7(II)(L). Since there is no evidence of Smith participating in

7

protected conduct, summary judgment is appropriate. Further, Smith has not provided any evidence of a retaliatory motivation for the penalty. Smith has only provided conclusory statements about the motive of Defendants in issuing disciplinary reports. Those statements cannot sustain Smith's claim of retaliation. *See Griffin v. Southern Health Partners, Inc.,* 2014 U.S. Dist. LEXIS 16051 *16 (W.D. Ky. Nov. 12, 2014).

Furthermore, Smith's loss of 30 days of good time credit makes it improper to rule in his favor. Any holding by this Court in favor of Smith would imply the invalidity of this disciplinary action and alter his time of confinement. Therefore, as a matter of law, Smith's claim must be dismissed.

### C. DR # KSP-2017-00994

Smith filed a PREA complaint against Gage Rodriguez and Brian Neely for allegedly performing an anal cavity search. [DN 82-4 at PageID 814.] Smith's complaint was investigated by Seth Mitchell who "found no evidence to support the allegation". [*Id.* at PageID 815.] As previously stated, Mitchell's investigation included a review of the relevant security footage. [*Id.*] Smith also declined to speak with Mitchell during the investigation. [*Id.* at 927.] As a result of the investigation, Mitchell filed a disciplinary report because "this allegation made by Inmate Smith was false and Inmate Smith had made this allegation in bad faith." [*Id.*] The Adjustment Committee found Smith guilty and imposed a penalty of 30 days in segregation and 60 days of good time lost. [*Id.* at 931.] This Court already found that Smith has not provided any probative evidence to support his complaint that this search occurred. Therefore, Mitchell's finding that Smith's PREA complaint was unfounded and his subsequent punishment under relevant policies and procedures did not constitute a First Amendment violation as a matter of law. Summary judgment is appropriate.

Defendants further argue that the *Heck* doctrine prevents this Court from invalidating the disciplinary actions that resulted in good time credits lost. The Court in *Heck* held that

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). The Supreme Court in *Edwards v. Balisok,* 520 U.S. 641 (1997), extended the *Heck* decision to apply to disciplinary proceedings. Where the inmate's claim would "necessarily imply the invalidity of the punishment imposed, [the claim] is not cognizable under § 1983." *Edwards,* 520 U.S. 641, 648 (197).

Here, Smith seeks relief in the form of vacating the Adjustment Committee's decisions and restoration of all forfeited good time credits lost. [DN 1-1 at PageID 19.] As a result of this disciplinary action, Smith lost 60 days of good time credit. Any holding by this Court in favor of Smith would imply the invalidity of this disciplinary action and alter his time of confinement. Therefore, as a matter of law, Smith's claim must be dismissed.

**D. DR # KSP-2017-01133**

Wesley Burnett filed this disciplinary report against Smith for being in possession of drug paraphernalia. [DN 82-18 at PageID 938.] Gage Rodriguez and Wesley Burnett searched Smith's cell and found "plastic sleeves from old segregation, flex pens, (2) plungers off of spray bottles, an ink cartridge, and a piece of an ink pen as well as (2) rubber bands". [*Id.* at PageID 937.] Rodriguez and Burnett stated that these items are often used to create drug paraphernalia. [*Id.*]

The Adjustment Committee reduced the charge to possession of contraband and found Smith guilty. [*Id.* at PageID 939.] Smith was reprimanded and given a warning as a result. [*Id.*] In his response, Smith states that he "has never in his entire incarceration failed a drug test or have

9

been in possession of any drug or paraphernalia." [DN 83-1 at PageID 1006.] Smith further takes issue with how the search was conducted because he was not present. [*Id.* at PageID 1007.] However, Smith has not alleged any facts to support his claim that this disciplinary report was issued in retaliation. Smith has not submitted any evidence to show he was engaged in protected conduct. Possession of these items constitutes a violation of legitimate prison policies. Smith also has not provided any evidence that such an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct. The issuance of a warning is not an adverse action that would deter a person of ordinary firmness from engaging in protected conduct. Without any supporting evidence in the record, summary judgment is appropriate.

### E. DR # KSP-2017-00869

Smith was issued this disciplinary report after Seth Mitchell determined Smith's PREA complaint against Jason Muncher was "unfounded". [DN 82-8 at PageID 844.] Smith filed a PREA complaint against Muncher alleging Muncher stared at Smith in the shower for 4-5 minutes and "Muncher rubber his body against Inmate Smith's back." [*Id.*] Mitchell reviewed the security footage and found no evidence to support either claim by Smith. [*Id.* at PageID 848.] According to Mitchell's review, the footage shows Muncher escorting Smith to the shower and then performing "pill pass" as Smith was showering. [*Id.* at PageID 843.] The footage then shows Muncher escorting Smith back to his cell. [*Id.*]

Mitchell filed a disciplinary report as a result of his investigation because the PREA allegation "was false and [made] in bad faith." [*Id.* at PageID 855.] Again, the Adjustment Committee found Smith guilty of tampering with physical evidence or hindering investigation and imposed a penalty of 30 days in restrictive housing. [*Id.* at PageID 857.] Defendant White upheld the decision. [*Id.* at PageID 859.]

As stated above, inmates have a protected right to file grievances and complaints. However, it is not a protected right to file false claims. Smith has not provided any evidence that the PREA claim was not frivolous. An inmate who files a frivolous grievance or complaint is subject to discipline under proper prison policy. Again, it is a violation of legitimate prison policy to file false allegations. *See* CPP 14.7(II)(L). Therefore, Smith was not engaged in protected conduct. Since Smith was not engaged in protected conduct, his retaliation claim must fail, and summary judgment is appropriate.

### F. DR # KSP-2017-00874 and DR # KSP-2017-00864

Defendants argue DR # KSP-2017-00864 was issued to Smith solely for stealing or being in possession of stolen goods. [DN 82-1 at PageID 796.] Defendants also argue DR# KSP-2017-00874 was issued due to Smith filing a false PREA complaint. [*Id.* at PageID 791.] However, the Court need not address the circumstances of these disciplinary reports because Smith did not reference either report in his complaint. The Court when screening Smith's retaliation claims made no reference to either report. [DN 13 at PageID 131, 141.]

### IV. CONCLUSION

Smith has not provided this Court with any probative evidence in support of his claim. The handwritten questions on his exhibits, his complaint, and the bare factual assertions in his response brief are not enough to survive a motion for summary judgment. Defendants have provided exhibits and affidavits supporting their position. Therefore, **IT IS HEREBY ORDERED** that:

1.) Defendants' Motion for Summary Judgment [DN 82] is **GRANTED**; and

2.) Plaintiff's action is **DISMISSED WITH PREJUDICE.**

A judgment will follow.

**IT IS SO ORDERED.**



**Thomas B. Russell, Senior Judge
United States District Court**

January 8, 2020

cc: Rodney Smith
 190062
 KENTUCKY STATE PENITENTIARY
 266 Water Street
 Eddyville, KY 42038
 PRO SE